UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO MARINELLO,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | Case No. 19-cv-04620-SVK<br><br>**FURTHER SCREENING ORDER REGARDING AMENDMENT PURSUANT TO 28 U.S.C. § 1915**<br><br>**ORDER DENYING REQUEST FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AS PREMATURE**<br><br>Re: Dkt. Nos. 15, 16 |

Pro se Plaintiff Rosario Marinello filed a civil complaint ("Complaint") against Defendant California Department of Corrections and Rehabilitation ("CDCR"), alleging claims under Title VII of the Civil Rights Act of 1964 in connection with Plaintiff's employment with, and attempt to seek re-employment by, CDCR. Dkt. 1. Along with the Complaint, Plaintiff filed a request to proceed *in forma pauperis* ("IFP"), which the Court denied. Dkt. 3, 4. Plaintiff subsequently filed a renewed IFP request containing additional information, which the Court granted. Dkt. 12, 14. The Court also issued an order regarding its initial screening review for civil action filed *in forma pauperis* under 28 U.S.C. § 1915 finding that the Complaint did not state a claim upon which the Court may grant relief and granting Plaintiff leave to amend. Dkt. 14 (the "original screening order"). Specifically, the Court's original screening order concluded that Plaintiff had failed to state a claim under Title VII because it was apparent on the face of the complaint that Plaintiff had not filed this action within 90 days after the Equal Employment Opportunity Commission ("EEOC") issued a right to sue notice, as required under 42 U.S.C. § 2000e-5(f)(1). *Id.*

Before the deadline for amendment set forth in the original screening order, Plaintiff filed a document styled "Motion for Schedule of Hearing and Request for Summary Judgement

United States District Court
Northern District of California

(Amended)." Dkt 15. Despite the title of this document, it appears to be an amended version of the Complaint at Dkt. 1. Accordingly, the Court will construe Dkt. 15 as the First Amended Complaint ("FAC") in this case. Together with the FAC, Plaintiff also filed a document styled "Addendum to Motion for Schedule of Hearing and Request for Summary Judgment" (the "Addendum"). Dkt. 16. The FAC and Addendum contain additional information about the timing of the EEOC right to sue notice and the filing of this lawsuit.

The Court has conducted a further screening review under 28 U.S.C. § 1915 of the FAC in light of the additional information provided in the FAC and Addendum. The Court concludes that Plaintiff still fails to plead facts establishing that this action is timely. However, because it appears that Plaintiff may be arguing that he is entitled to equitable tolling of the 90-day statute of limitations, the Court grants Plaintiff **LEAVE TO FILE A SECOND AMENDED COMPLAINT by March 16, 2020**. To the extent the FAC includes a request for summary judgment, the Court **TERMINATES** Plaintiff's request for summary judgment as premature.

## I. BACKGROUND

Plaintiff formerly worked for CDCR but resigned in 2006. Dkt. 15 (FAC) ¶ 3F. Plaintiff subsequently applied for a number of positions with CDCR but was not hired *Id.* ¶ 4B-4E. In the original Complaint, Plaintiff alleged that "[t]he Legal basis of this suit is my not being hired for Case Records Analyst," a position Plaintiff applied for but was denied in 2017. Dkt. 1 at ¶¶ 2A, 4E. Like the original Complaint, the FAC repeatedly refers to a claim under Title VII. *See* Dkt. 15 ¶¶ 1, 2, 4. Plaintiff seeks monetary damages that resulted from CDCR's alleged adverse employment decisions. *Id.* ¶ 5.

The original Complaint referred to an EEOC right to sue notice dated July 27, 2018 (Dkt. 1 ¶ 1), whereas the FAC refers to an EEOC right to sue notice dated July 18, 2018 (Dkt. 15 ¶ 1). The additional materials filed by Plaintiff clarify that on July 17, 2018, Plaintiff requested a right to sue notice. Dkt. 16; Dkt. 16-1 at 5. On July 27, 2018, the EEOC acknowledged Plaintiff's request for a right to sue notice. Dkt. 16; Dkt. 16-1 at 7. The EEOC right to sue notice was issued on September 5, 2018. Dkt. 16; Dkt. 16-1 at 6.

It appears that although Plaintiff's original Complaint was entered on the court docket on

1  August 9, 2019 (Dkt. 1), Plaintiff mailed it to the Court on July 26, 2019. *See* Dkt. 1-2. Plaintiff's additional materials also include a fax receipt for a civil cover sheet dated August 1, 2019. Dkt. 16-1 at 8.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)(2)

### A. Legal Standard

Federal courts are required to dismiss a case filed *in forma pauperis* if the court determines at any time that the action is frivolous, fails to state a claim, or is directed against a defendant who is immune. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). A "frivolous" complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Ninth Circuit has noted that Section 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Both Rule 12(b)(6) and Section 1915(e)(2)(B) require a district court to dismiss a complaint that fails to state a claim upon which relief can be granted.

The plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In a Section 1915 review, "[d]ismissal is proper only if is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citations omitted). In its review, the Court liberally construes pro se pleadings. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

### B. Failure to State a Claim

#### 1. Statute of Limitations

As discussed above, the Court's original screening order stated that Plaintiff had failed to file his complaint within the 90-day statute of limitations applicable to Title VII claims. *See* Dkt. 14 at 3; *see also* 42 U.S.C. § 2000e-5(f)(1). However, the FAC, in addition to repeated references to Title VII, also refers to the filing of the original complaint "[w]ithin one-year (365 days) California State Statute of limitations on filing a lawsuit acting on an EEOC Complaint." Dkt. 15 at ¶ 1. This appears to be a reference to the statute of limitations applicable to claims under the

1 California Fair Employment and Housing Act ("FEHA"), which must be filed within one year
2 after the date of a right-to-sue notice. Cal. Gov't C. § 12965(b). A claim for violation of FEHA is
3 a state law claim. Thus, there is no federal jurisdiction over such a claim under 28 U.S.C. § 1331.
4 *Kannan v. Apple Inc.*, No. 5:17-cv-07305-EJD, 2018 WL 1876954, at *3 (N.D. Cal. Apr. 19,
5 2018). In addition, it appears that Plaintiff and Defendant are both citizens of California, therefore
6 there is no diversity jurisdiction under 28 U.S.C. § 1332. *Id.* Therefore, to the extent Plaintiff is
7 making a FEHA claim, the Court lacks original jurisdiction over that claim. *Id.* The Court may
8 have supplemental jurisdiction over the FEHA claim if the Title VII claim in the case involves the
9 same case or controversy, but if the court dismisses the Title VII claim it may decline to exercise
10 supplemental jurisdiction over the FEHA claim. 28 U.S.C. § 1367(a), (c)(3); *Francis v. County of
11 San Mateo*, No. C 10-04343-CW, 2010 WL 5092373, at *3 (N.D. Cal. Dec. 8, 2010). Thus, it is
12 necessary to determine whether Plaintiff's Title VII is viable.

13 A Title VII claim must be brought within 90 days after the EEOC issues a right to sue
14 notice. 42 U.S.C. § 2000e-5(f)(1). The one-year statute of limitations for FEHA claims under
15 California law discussed above does not alter the 90-day limitations period applicable to Plaintiff's
16 Title VII claim. *Sankoh v. Hui*, No. 16-cv-03645-LB, 2016 WL 5846832, at *2 (N.D. Cal. Oct. 6,
17 2016). Where the facts and dates alleged in the complaint indicate the claim is barred by the
18 statute of limitations, the complaint fails to state a claim and is subject to dismissal. *Von Saher v.
19 Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010); *Gonzalez v.
20 Stanford Applied Engineering, Inc.*, 597 F.2d 1298, 1299 (9th Cir. 1979).

21 In its original screening order, the Court concluded, based on the information then
22 available, that more than a year elapsed between the date the EEOC issued a right to sue notice
23 and the date Plaintiff filed this lawsuit. Dkt. 14 at 3. Additional information in the recently-filed
24 FAC and Addendum clarifies that the time gap was somewhat shorter. The EEOC issued a right
25 to sue notice on September 5, 2018 (*see* Dkt. 16 at § I.3.; Dkt. 16-1 at 6), not July 27, 2018 as
26 stated in the Complaint. The right to sue letter informed Plaintiff that "[i]f you choose to
27 commence a civil action, such suit must be filed in the appropriate Court within 90 days of your
28 receipt of this Notice." Dkt. 16-1 at 6.

4

The right-to-sue letter was mailed to Plaintiff in the care of the attorney he designated as his legal representative in his July 17, 2018 request for a right to sue letter. *See id.* "Receipt of an EEOC decision by authorized counsel is sufficient in this circuit to start the jurisdictional clock running." *Mahoney v. United States Postal Service*, 884 F.2d 1194, 1197 (9th Cir. 1989) (internal quotation marks and citation omitted).

The 90-day period to file a civil action runs from the date of receipt of the right-to-sue letter. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007). If the receipt date is unknown, there is a presumption that the plaintiff received the right-to-sue letter three days after the letter was mailed. *Id.* at 1125. Here, where Plaintiff has not indicated when he or his attorney received the EEOC's right-to-sue letter, it is presumed that it was received 3 days after mailing, or on September 8, 2018. Accordingly, the 90-day deadline for Plaintiff to file a civil action was December 7, 2018.

A complaint is considered filed when it is placed in possession of the clerk of the court. *Baker v. LeCumbre Mgmt. Co., Inc.*, 9 Fed. App'x 752, 752 (9th Cir. 2001).[1] Here, it appears that Plaintiff mailed his Complaint to the Court on July 26, 2019. Dkt. 1-2. Even giving Plaintiff the benefit of the July 26, 2019 mailing date, rather that the date of delivery to the clerk, this was more than seven-and-a-half months after the 90-day deadline expired.

Accordingly, Plaintiff's action was filed after the statute of limitations expired.

### 2. Equitable Tolling of Statute of Limitations

The 90-day statute of limitations for Title VII claims is subject to equitable tolling in appropriate circumstances. *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1174 (9th Cir. 1986). However, the doctrine of equitable tolling is applied "sparingly" and "in extreme cases only." *Rhodes v. Raytheon,* 555 Fed. App'x 665, 668 (9th Cir. 2014) (internal quotation marks and citation omitted); *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992). "Circumstances that have been found to give rise to equitable tolling include inadequate notice, a pending motion for

---

[1] Where the complaint is accompanied by an *in forma pauperis* application in lieu of a filing fee, the complaint is timely if delivered to the court clerk within the 90-day time limit, even if the filing fee is not paid or waived until after that time limit had run. *See Escobedo v. Applebees*, 787 F.3d 1226, 1227-28 (9th Cir. 2015).

5

appointment of counsel and the court leading a plaintiff to believe she has done everything required of her." *Sankoh*, 2016 WL 5846832, at *2 (citations omitted). "Courts have been generally unforgiving, however, when a late filing is due to a claimant's failure to exercise due diligence in preserving his legal rights." *Id.* (internal quotations marks and citations omitted). Equitable tolling does not extend to a garden variety claim of excusable neglect. *Ioane v. Hawaii*, 8 Fed. App's 662, 663 (9th Cir. 2001) (citations omitted). In addition, "with respect to equitable tolling, a plaintiff's pro se status does not mean he or she should be treated differently than a plaintiff represented by counsel," and "[a] pro se plaintiff's failure to act diligently is not a reason to invoke equitable tolling." *Sankoh*, 2016 WL 5846832, at *3 (internal quotation marks and citations omitted).

Plaintiff's filings to date do not contain facts establishing an "extreme case" justifying equitable tolling of the statute of limitations. However, Plaintiff's FAC asserts that Plaintiff "was not able to file the case within the DOJ 90 day Right to Sue period due to: seeking legal representation, and not having enough funds for an attorney retainer." Dkt. 15 at 3. In addition, Plaintiff's recent Addendum refers to a Monterey County Superior Court small claims case brought by Plaintiff under the heading "Mitigating Circumstances July and August 2018." Dkt. 16 at § II. Construing these pleadings liberally, as is appropriate given Plaintiff's pro se status, the Court interprets these statements as a possible attempt by Plaintiff to claim that the 90-day statute of limitations was subject to equitable tolling. Because it is not clear on the present record whether there is a basis for equitable tolling, the Court grants Plaintiff leave to further amend the complaint if he wishes to address this deficiency. The Court provides the following guidance to assist the Plaintiff if he prepares an amended complaint:

1. An amended complaint filed pursuant to this order must be captioned "Second Amended Complaint."
2. Any attempt to claim that the 90-day statute of limitations was subject to equitable tolling must focus on the relevant time period between when the EEOC issued its right to sue letter and the date the complaint was sent to the court, *i.e.,* the time period from September 5, 2018 to July 26, 2019. If Plaintiff believes there are

6

events during that relevant time period that meet the legal standard for justifying his failure to file suit by the 90-day deadline as discussed in this order, he must identify each event and the date(s) thereof. For example, to the extent Plaintiff claims that the statute of limitations should be equitably tolled due to his attempts to locate counsel, he must identify the date(s) of his effort(s) to locate counsel. If Plaintiff claims that the small claims case in Monterey County referenced in the Addendum is relevant to his delay in filing this lawsuit, he must provide additional information regarding the substance small claims lawsuit and an explanation of how that suit justifies his untimely filing of this case. Plaintiff must provide similar information as to any other argument he makes as to equitable tolling of the statute of limitations.

## III. REQUEST FOR SUMMARY JUDGMENT

The caption of the recently-filed FAC refers to a "Request for Summary Judgment (Amended)." Dkt. 15. As of the date of this order, Plaintiff has not served the Complaint or FAC on Defendant, and Defendant has not yet appeared. Accordingly, the Court **TERMINATES** Plaintiff's request for summary judgment as premature, without prejudice to Plaintiff filing a motion for summary judgment later in the case if the case proceeds. If Plaintiff is able to amend his complaint to state a claim, the Court will set a schedule for this case, including a deadline for the parties to file dispositive motions. The parties are advised that absent good cause, each party will be limited to one summary judgment motion in the case.

## IV. CONCLUSION

The FAC fails to state a claim because it reveals that Plaintiff's Title VII claim is barred by the applicable statute of limitations and it does not contain facts to support a claim that the statute of limitations should be equitably tolled. If Plaintiff is able to cure this defect, he must **file a Second Amended Complaint by March 16, 2020**. If Plaintiff does not file a Second Amended Complaint by the deadline, or if the Second Amended Complaint fails to cure all defects, the Court will issue an order reassigning this case to a District Judge along with a recommendation that the case be dismissed.

Plaintiff's request for summary judgment is **TERMINATED** as premature.

The Court again informs Plaintiff that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is located at Room 2070 in the San Jose United States Courthouse (Monday to Thursday 9:00 a.m. to 4:00 p.m.) or by calling (408) 297-1480. In addition, the Court offers a pro se handbook free of charge; a copy may be downloaded from https://cand.uscourts.gov/wp-content/uploads/2019/12/Pro_Se_Handbook_2020_links.pdf.

**SO ORDERED.**

Dated: February 24, 2020

SUSAN VAN KEULEN
United States Magistrate Judge